Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorney for Applicant,*
*Lee Ji-eun, a/k/a IU*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | ) CASE NO. |
| | ) |
| **Lee Ji-eun, a/k/a IU,** | ) ***APPLICANT'S EX PARTE*** |
| | ) **APPLICATION FOR AN ORDER** |
| | ) **PURSUANT TO 28 U.S.C. § 1782** |
| Applicant. | ) **AUTHORIZING DISCOVERY FOR USE** |
| | ) **IN A FOREIGN PROCEEDING; AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |

## EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Applicant Lee Ji-eun, a/k/a IU, ("**Applicant**") hereby applies to the Court for an order authorizing limited discovery for use in a civil matter in the Republic of Korea pursuant to 28 U.S.C. Section 1782 ("**Application**"). This application is filed *ex parte* according to the usual practice for Section 1782 applications.[1] As further stated in the proposed subpoena, the Applicant seeks limited discovery from Meta Platforms, Inc. ("**Meta**"), which is an entity located in this district.

//

---

[1] It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted ex parte." *In re Google. Inc.*, 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014). *Accord, In re: Ex Parte Application Varian Medical Sys. Int'l AG*, 2016 WL 1161568 (N.D. Cal. March 24, 2016) ("Section 1782 petitions are regularly reviewed on an ex parte basis"); *In re Ex Parte Motorola Mobility, LLC*, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ("It is common for requests to obtain an order pursuant to Section 1782 to be conducted ex parte").

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

United States district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory" are customarily received and appropriate action taken with respect thereto *ex parte*). For the reasons set forth herein, the Applicant respectfully requests this Court decide the Application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, Declaration of Kyongtae Paek, all relevant exhibits attached to the Declaration (**Exhibits 1 through 57**), and proposed subpoena (**Exhibit A**), all of which are filed concurrently herewith.

Dated: July 14, 2026                     STREAM KIM HICKS WRAGE & ALFARO, PC.

_____
Eugene Kim
*Attorney for Applicant,*
*Lee Ji-eun, a/k/a IU*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

2
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................6

II. FACTUAL BACKGROUND ...............................................................................7

    A.    IU Is a Prominent Korean Artist with Documented International Success. ............7

    B.    Civil Matter in the Republic of Korea ..................................................................7

        1.    False Plagiarism Allegations: .............................................................8

        2.    False Statements That IU Is a Chinese National Acting as a Chinese Agent:.........................................................................................8

        3.    False Statement About IU's International Commercial Performance:......................................................................................9

        4.    False Statements Alleging Exploitation of Deceased Celebrities:.............10

        5.    False Statement Alleging Communist-Style Media Censorship and Astroturfing:..................................................................................11

        6.    False Statement Linking IU's Song Lyrics to National Tragedies: ...........11

    C.    IU Filed a Civil Lawsuit in Korea for Defamation. ................................................12

    D.    IU Seeks Limited Discovery from Meta for a Civil Case in Korea.......................12

III. JURISDICTION AND VENUE .........................................................................12

IV. LEGAL STANDARD .........................................................................................13

V. ARGUMENT ......................................................................................................14

    A.    This Application Meets All of the Statutory Requirements of Section 1782 ........14

    B.    Each of the Intel Discretionary Factors Weigh in Favor of Granting this Application...................................................................................................15

        1.    Meta Is Not a Party in the Korean Civil Matter.........................................15

        2.    Korean Tribunals Are Receptive to U.S. Judicial Assistance....................15

        3.    IU Is Not Seeking to Circumvent Any Restrictions or Policies on Proof Gathering.................................................................................16

            a. IU Only Seeks for Personal Identifying Information ("PII") to Proceed with the Civil Matter ................................................17

            b. The First Amendment Does Not Apply .................................................17

        4.    This Application Is Not Unduly Intrusive or Burdensome ........................19

VI. CONCLUSION....................................................................................................20

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## **TABLE OF AUTHORITIES**

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,

    793 F.3d 1108 (9th Cir. 2015) ................................................................... 14

*Hey, Inc. v. Twitter, Inc.*,

    No. 22-mc-80035-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) .......... 18

*In re Ex Parte Application of Akiko Isogai*,

    Case No. 22-mc-80327 SVK, 2023 WL 3035418 (N.D. Cal. Jan. 20, 2023) .................. 19

*In re Ex Parte Application of Qualcomm Inc.*,

    162 F.Supp.3d 1029 (N.D. Cal. 2016) ........................................................ 19

*In re Ex Parte Application of Varian Med. Sys. Int'l AG*,

    No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. March 24, 2016) ................. 15, 16

*In re Frontier Co., Ltd.*,

    No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. July 25, 2019) ............................. 19

*In re Google Inc.*,

    No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ......................... 17

*In re Med. Corp. H&S*,

    No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019) ........................ 20

*In re Med. Corp. Seishinkai*,

    No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) ......................... 19

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*,

    634 F.3d 557 (9th Cir. 2011) ................................................................... 13

*In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*,

    No. 23-mc-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023) ............................ 14

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*,

    428 F.Supp. 109 (N.D. Cal. 1977) ............................................................. 16

*In re Starship Entm't Co., Ltd.*,

    No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May. 24, 2023) ........................ 17

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*In re Tagami*,

No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ........................... 18

*Intel Corp. v. Advanced Micro Devices, Inc.*,

542 U.S. 241 (2004)...................................................................... 13, 14, 15, 16

*Khrapunov v. Prosyankin*,

931 F.3d. 922 (9th Cir. 2019) ................................................................... 13

*Milkovich v. Lorain J. Co.*,

497 U.S. 1 (1990)................................................................................. 18

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*,

Case No. 12-cv-80242 EJD, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ....................... 19

*Palantir Techs., Inc. v. Abramowitz*,

415 F.Supp.3d 907 (N.D. Cal. 2019) ............................................................ 16

*Takagi v. Twitter, Inc.*,

No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) ........................... 18

*United States v. Google LLC*,

690 F. Supp. 3d 1011 (N.D. Cal. 2023) ..................................................... 17, 18

*United States v. Meta Platforms, Inc.*,

No. 23-MC-80249-PHK, 2023 WL 8438579 (N.D. Cal. Dec. 5, 2023).................... 14, 19

*Zuru, Inc. v. Glassdoor, Inc.*,

614 F.Supp.3d 697 (N.D. Cal. 2022) ............................................................ 18

**Statutes**

18 U.S.C. § 2701................................................................................... 19

28 U.S.C. § 1331................................................................................... 12

28 U.S.C. § 1391................................................................................... 13

28 U.S.C. § 1782................................................................................... 13

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Applicant, Lee Ji-eun (이지은) or professionally known as IU (아이유) ("**IU**"), is a prominent Korean recording artist and actress. IU has built one of the most distinguished careers in the Korean entertainment industry over more than a decade, including a global Netflix drama, international concert tour, and numerous domestic and international accolades. IU has become the target of a sustained, multi-category defamation and harassment campaign conducted by an anonymous person operating the Threads handle "@7hyejin" (the "**Anonymous Poster**") on Meta Platforms, Inc.'s ("**Meta**") Threads platform ("**Threads**").

Between approximately March 2025 and October 2025, the Anonymous Poster published at least fifty-two (52) documented posts on Threads containing false, defamatory, and harassing statements about IU. These statements fall into six distinct categories: (1) false plagiarism allegations that a Korean court has already adjudicated as defamatory, and for which a civil damages judgment of 30 million KRW was entered on December 18, 2024, against the originator of those allegations; (2) false statements that IU is a Chinese national acting as an agent of Chinese commercial interests to infiltrate the Korean entertainment industry; (3) false statements that IU exploited the deaths of celebrities Sulli, Jonghyun, and Goo Ha-ra for personal marketing gain; (4) false statements that IU operates a Communist-style media censorship apparatus and manipulates public opinion through coordinated astroturfing campaigns; (5) false and disparaging statements about IU's international commercial performance, falsely claiming IU's 2025 Netflix drama *When Life Gives You Tangerines* was a commercial failure with virtually no overseas popularity; and (6) false statements implying that IU's song lyrics mock Korean national tragedies including the Sewol Ferry disaster and the 2022 Itaewon crowd crush.

These defamatory posts collectively received tens of thousands of views and significant public engagement on the Threads platform. To address these attacks, the Applicant has filed a civil lawsuit in the Republic of Korea ("**Korea**"). Without the Anonymous Poster's personally identifiable information ("**PII**"), the Korean civil court case cannot proceed. The Applicant's attempts to identify this anonymous individual through publicly available information have been

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

6
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

unsuccessful. As a result, the Applicant now seeks the assistance of this Court to subpoena Meta for the PII, basic subscriber information, and IP address logs associated with the Anonymous Poster's Threads account.

As set forth below, the Applicant satisfies all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Meta from objecting or moving to quash the targeted requests made in the proposed subpoena, which is attached as **Exhibit A**.

II. FACTUAL BACKGROUND

**A.    IU Is a Prominent Korean Artist with Documented International Success.**

IU is one of Korea's most celebrated solo artists and actresses. She debuted in 2008 and has sustained a top-tier career for over seventeen years, releasing critically acclaimed albums and starring in major Korean dramas. In March 2025, IU's Netflix drama *When Life Gives You Tangerines* premiered to substantial global viewership across the United States, Europe, Japan, and other markets, as documented in the international streaming data compiled in Exhibits 20 and 21. Paek Decl. ¶ 3. The drama represented a 60-billion-KRW production, directly contradicting the Anonymous Poster's false claims that it was a commercial failure.

In recognition of her international reach, IU conducted an overseas concert tour in 2024, as documented in Decl. of K. Paek. Exhibit 21. Paek Decl. ¶ 3. On September 18, 2025, IU donated 200 million KRW to charitable causes to mark her seventeenth debut anniversary, as reported by the Korean national wire service Yonhap News Agency.

EDAM Entertainment Co., Ltd. is IU's South Korean entertainment company and music label, established under the laws of Korea and headquartered in Seoul, Korea. Paek Decl. ¶ 3. EDAM Entertainment manages IU's professional activities, holds the relevant intellectual and commercial interests at stake. Paek Decl. ¶ 3.

**B.    Civil Matter in the Republic of Korea**

The Anonymous Poster has published at least fifty-two (52) posts and comments on the Treads platform containing false, defamatory, and harassing statements about IU, as documented in Exhibits 1 through 52. These posts were published between approximately March 20, 2025 and

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

7

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

October 18, 2025 on the Threads platform accessible at https://www.threads.com/@7hyejin.

The defamatory and harassing statements made by the Anonymous Poster include, but are not limited to, the following six categories:

1. False Plagiarism Allegations:

In at least fourteen (14) documented posts published between March 20, 2025 and October 1, 2025 (Decl. of K. Paek Exhibits 1–14), the Anonymous Poster repeatedly published and amplified false statements that IU plagiarized other artists' music, directing Threads users to an MBC news video clip about an alleged "The Red Shoes" (분홍신) plagiarism controversy.

These plagiarism allegations are materially false. On December 18, 2024, the Seoul Central District Court entered a civil judgment against the individual who originated the criminal plagiarism complaint against IU, ordering that person to pay IU 30 million KRW in damages for defamation and violation of personal rights. The underlying criminal complaint was dismissed by the Gangnam Police Station in August 2023 on the grounds that the allegations did not constitute a crime. *See* Decl. of K. Paek Ex. 53 (News Article: Police Dismissal); Decl. of K. Paek Ex. 54 (News Article: 30 Million KRW Damages Judgment). The Anonymous Poster continued to spread these judicially adjudicated false plagiarism allegations throughout 2025 with knowledge of, or reckless disregard for, their falsity.

Representative posts include: on March 20, 2025, the Anonymous Poster posted, "Look at the comments on the plagiarism video that made the news. The viral media manipulation is supposedly very severe." (English translation). This post received approximately 1,400 views. *See* Decl. of K. Paek Ex. 1. Additional posts on March 22, 2025 (5,600 views), March 23, 2025 (505 views), June 2, 2025 (1,194 views), and multiple dates through October 2025 spread the same false plagiarism allegations. *See* Decl. of K. Paek Exs. 2–14.

2. False Statements That IU Is a Chinese National Acting as a Chinese Agent:

In at least four (4) documented posts published between August 31, 2025 and October

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

9, 2025 (Decl. of K. Paek Exhibits 16–19), the Anonymous Poster published false statements that IU is secretly a Chinese ethnic national and is operating as a commercial agent of Chinese capital to infiltrate Korean entertainment. These statements are false. Representative posts include:

On August 31, 2025, the Anonymous Poster posted, "This isn't simply a matter of personal preference or popularity. It's about distinguishing right from wrong. In the drama *When Life Gives You Tangerines*, there was a line about going to Zhangjiajie in China, and people also commented that the child actors' costumes looked Chinese." (English translation). *See* Decl. of K. Paek Ex. 16.

On September 19, 2025, the Anonymous Poster posted, "But when IU donates just tens of millions of won, dozens of articles get published. That's why people criticize her for all the media play. Wasn't it the Green Umbrella Children's Foundation that IU donated a lot to? But isn't it supposedly a Chinese organization? There seem to be an unusually large number of China-related connections. She also did an ad for Puradak, Estee Lauder is a Chinese company. Why is IU so good at Cantonese? Is she actually ethically Chinese? She couldn't speak English or Japanese, though." (English translation). This post received approximately 576 views. *See* Decl. of K. Paek Ex. 17.

On October 9, 2025, the Anonymous Poster posted: "Search YouTube for 'IU Cantonese.' They say she's an overseas Chinese who speaks Cantonese fluently. They claim she's active with Chinese capital backing her, along with Kim Soo-hyun." (English translation). This post received approximately 3,800 views. *See* Decl. of K. Paek Ex. 19.

3. <u>False Statement About IU's International Commercial Performance:</u>

In at least seven (7) documented posts published on March 23–24, 2025 (Decl. of K. Paek Exhibits 23–29), the Anonymous Poster published false statements that IU has virtually no popularity overseas, that *When Life Gives You Tangerines* was a Netflix flop with viewership rankings in the 200–270 range on the "Patrol" ranking system, and that IU's audience is limited to "Southeast Asian" and "developing country"

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

viewers. These statements are false and are contradicted by the documented international streaming data in Exhibits 20 and 21. Representative posts include:

On March 23, 2025, the Anonymous Poster posted, "IU is only Southeast Asia-level. She has virtually no popularity in the U.S., Europe, Japan, the developed countries. The IU 'Zeze' pedophilia concept controversy is also enormous . . . it should not be buried." (English translation). *See* Decl. of K. Paek Ex. 23.

On March 24, 2025, the Anonymous Poster posted, "IU has no overseas fans. At her overseas concerts, it's mainly Chinese people. . . . For a drama that costs 60 billion won, the reality is it flopped." (English translation.) *See* Decl. of K. Paek Ex. 24.

On March 24, 2025, the Anonymous Poster posted, "People who like IU are Southeast Asian-level. In reality, *When Life Gives You Tangerines* has virtually no popularity in developed countries. You and IU have both just certified yourselves as developing-country Southeast Asian level." (English translation). *See* Decl. of K. Paek Ex. 29.

4. <u>False Statements Alleging Exploitation of Deceased Celebrities:</u>

In at least seven (7) documented posts published between April 2025 and September 2025 (Decl. of K. Paek Exhibits 31–37), the Anonymous Poster published false statements that IU engaged in "go-in marketing" which is a Korean internet term for exploiting a deceased celebrity's memory for personal publicity, specifically falsely claiming IU exploited the deaths of Sulli, Jonghyun, and Goo Ha-ra. These statements are false.

The Anonymous Poster repeatedly shared a YouTube link titled "Exposing the Seriousness of Female Singer A's Exploitation of the Deceased for Publicity: Korean Celebrities Are Disappearing" in reply to Threads criticizing or disparaging IU, including on August 12, 2025 (1,200 views), August 30, 2025 (3,900 views), and September 7, 2025 (5,900 views). *See* Decl. of K. Paek Exhibits 31–33. These posts falsely implied that IU, here "Female Singer A," had exploited the deaths of these

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

individuals.

5. <u>False Statement Alleging Communist-Style Media Censorship and Astroturfing:</u>

In at least nine (9) documented posts published between March 24, 2025 and October 18, 2025 (Decl. of K. Paek Exhibits 38–46), the Anonymous Poster published false statements that IU operates "Communist-style" media censorship, suppresses critical online commentary, and manipulates public opinion through coordinated astroturfing campaigns. These statements are false. Representative posts include:

On May 3, 2025, the Anonymous Poster posted: "This isn't simply a matter of personal preference. It's a battle between right and wrong. There are numerous controversies involving Lolita, plagiarism, and lawsuits against member of the public, media control, and many others that have been covered up. Please don't be foolish enough to fall for the positive publicity portraying IU as a good person." (English translation). This post received approximately 1,500 views. *See* Decl. of K. Paek Ex. 39.

On October 18, 2025, the Anonymous Poster posted: "IU's media censorship is serious. On Nate IU articles and the Nate board, all critical posts are deleted and temporarily blocked. Charitable act posts are posted every day on the Nate board . . . I have never seen a celebrity control the media like China's Communist Party. Even politicians can't do this." (English translation). This post received approximately 440 likes and was viewed approximately 52,000 times. *See* Decl. of K. Paek Ex. 52.

6. <u>False Statement Linking IU's Song Lyrics to National Tragedies:</u>

In at least one (1) documented post published on September 25, 2025 (Decl. of K. Paek Exhibit 48), the Anonymous Poster published false statements that IU's song "*Strawberry Moon*" references the 2022 Itaewon crowd crush and that IU's song "*Ah Poo*" mocks the 2014 Sewol Ferry disaster. The Anonymous Poster prefaced these claims with "I don't know whether that's actually true," indicating the claims were made without factual basis and were designed to create a false and damaging public impression. This post received approximately 14,000 views. *See* Decl. of K. Paek Ex.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

11
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

48.

**C.      IU Filed a Civil Lawsuit in Korea for Defamation.**

On June 25, 2026, the Applicant filed a civil lawsuit for defamation in the Seoul Central District Court. Under South Korean law, identifying the defendant is essential to proceed with the case. ("**Civil Matter**") The Applicant claimed defamation pursuant to Articles 750 and 751 of the Civil Act of Korea. Paek Decl. ¶¶ 6-7. Despite exhaustive efforts, the Applicant has been unable to identify the Anonymous Poster, necessitating this Application.

**D.      IU Seeks Limited Discovery from Meta for a Civil Case in Korea.**

Meta Platforms, Inc. is an American multinational company with its principal place of business located at 1 Meta Way, Menlo Park, California 94025. Paek Decl. ¶ 9. Meta owns and operates Threads, a text-based social media platform launched in July 2023 where users share text posts, images, and links.[2]

To proceed with the defamation lawsuit in Korea, IU seeks limited discovery from Meta to identify the administrator of the Threads account "@7hyejin." Paek Decl. ¶¶ 13-14. The subpoena is narrowly tailored to seek only the information necessary to identify the administrator of the Threads account "@7hyejin." Paek Decl. ¶ 14. The requested discovery includes PII linked to the Meta account associated with the Threads, such as the name, email address, physical address, phone number, and recent IP address logs. This information is essential to the Korean civil proceeding, as the court cannot proceed without a properly identified defendant. Paek Decl. ¶ 8. Without this information, IU cannot effectively pursue her legal remedies against the party responsible for the defamatory content. Paek Decl. ¶ 8. It excludes any requests for communications or other sensitive information, ensuring compliance with applicable privacy laws and respecting the rights of third parties. Paek Decl. ¶ 14.

### III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331. IU hereby files this

---

[2]    *See* Fed. R. Evid. 201(b) (the information provided about Meta and the Threads platform are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); Facebook, *What are the Meta Products,* https://www.facebook.com/legal/meta-products (last visited June 25, 2026).

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Application under a federal statute – 28 U.S.C. § 1782 (a). Furthermore, venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. 1782(a) because the party from whom discovery is sought "resides or is found" in this District. More specifically, this Application seeks information from Meta, an American multinational company with its principal place of business located at 1 Meta Way, Menlo Park, California 94025.

## IV. LEGAL STANDARD

Under Section 1782, this Court may grant an application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d. 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc*., the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

[1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash*., 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

13

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id.* at 263.

### V. ARGUMENT

**A.    This Application Meets All of the Statutory Requirements of Section 1782**

This Application meets each of the three statutory requirements of Section 1782.

First, Meta "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is in Menlo Park, California, which is located in this judicial district. Paek Decl. ¶ 9; *see United States v. Meta Platforms, Inc.*, No. 23-MC-80249-PHK, 2023 WL 8438579, at*4 (N.D. Cal. Dec. 5, 2023).

Second, IU seeks discovery to aid in the Civil Matter filed in Korea. Paek Decl. ¶¶ 6, 8. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. But here, IU has already filed a civil action against the Anonymous Poster in Korea. Therefore, IU is seeking the Anonymous Poster's identity in the United States to proceed with the Civil Matter in Korea. Paek Decl. ¶ 8; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

Third, IU filed the Civil Matter in Korea because the Anonymous Poster committed acts that violate civil law in Korea. Paek Decl. ¶ 7. Thus, IU satisfies the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

Because Meta is located within this judicial district, IU seeks discovery in aid of a civil lawsuit pending in South Korea, and IU qualifies as an "interested person" under the statute, this

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

14

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Application satisfies all of the statutory requirements of Section 1782, and the Court should grant the requested relief.

**B.      Each of the Intel Discretionary Factors Weigh in Favor of Granting this Application**

In addition to satisfying the statutory requirements of Section 1782, the discretionary factors outlined by the Supreme Court in *Intel* strongly support granting this Application.

1. Meta Is Not a Party in the Korean Civil Matter

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 (a) aid." *Id*.

Here, Meta is not named in the Korean Civil Matter. Paek Decl. ¶ 9. Therefore, this Court's assistance is needed because IU is not able to obtain the information sought in this Application through a foreign proceeding. Stated another way, Korean courts do not have jurisdictional reach over Meta because it is not a party in the Korean Civil Matter. Therefore, the information sought by IU is only obtained through a United States federal court proceeding under Section 1782 (a). *Id*. ¶ 9; *see Intel*, 542 U.S. at 264. Therefore, this factor supports granting this Application.

2. Korean Tribunals Are Receptive to U.S. Judicial Assistance

In the second factor, Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. March 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D.

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

15

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Cal. 1977) (granting Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granting Korean National Court Administration's request for information and documents from Google, Inc.); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *1 (granting Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Furthermore, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. Paek Decl. ¶ 10. In addition, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicant obtain discovery in order to identify the Anonymous Poster in the manner proposed in this Application. Paek Decl. ¶¶ 11-12. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. Therefore, this second factor weighs in favor of granting this Application.

3. IU Is Not Seeking to Circumvent Any Restrictions or Policies on Proof Gathering

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district previously held, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*,

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May. 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)). As explained below, there is nothing suggesting IU's attempt to circumvent foreign proof gathering restrictions.

### a. IU Only Seeks for Personal Identifying Information ("PII") to Proceed with the Civil Matter

In Korea, civil courts conduct service of process on defendants based on the information provided by plaintiffs. Paek Decl. ¶ 8. Here, IU is not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Paek Decl. ¶ 13. In fact, the opposite is true. This Section 1782 Application is the only way for IU to obtain the Anonymous Poster's information with personal identifying information ("PII"). Paek Decl. ¶ 8. IU's Korean counsel confirms this information is needed to pursue the Civil Matter in Korea and anticipates that the requested PII will be admissible in the Korean court. Paek Decl. ¶¶ 8, 10.

### b. The First Amendment Does Not Apply

IU is not attempting to infringe on the Anonymous Poster's First Amendment rights because the Anonymous Poster appears to be a citizen of Southern Korea. In *United States v. Google LLC,* 690 F. Supp. 3d 1011 (N.D. Cal. 2023), a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request seeking an anonymous individual's PII ("name, gender, phone number, date of birth, etc.") from Google related to a Korean civil action.

First, the court recognized that "[f]oreign citizens who are outside United States territory. . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 690 F. Supp. at*1021 (citations omitted). Here, the words and phrases used by the Anonymous Poster in Threads and in public comments strongly suggest that the Anonymous Poster is a Korean citizen that resides in Korea. Paek Decl. ¶ 4. For example, the Anonymous Poster demonstrated exclusive and fluent use of the Korean language across all fifty-two (52) documented Threads posts, employing idiomatic Korean internet vernacular, colloquial abbreviations, and culturally specific expressions that native Korean speakers residing in Korea would immediately recognize. Paek Decl. ¶ 4. The Anonymous Poster repeatedly directed Threads users to Nate and the Nate

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

17

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

board, a Korean-language news and community platform that is accessible primarily within Korea and is largely unknown outside of it.

Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id*. at *1022 (citing *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding third discretionary factor did not weigh against granting Section 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc.*, No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that a subpoena seeking identity of anonymous speaker circumvented the U.S.'s "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech around the world.").

Here, there is nothing to indicate that the statements were made by a U.S. citizen. *Id*. Therefore, the First Amendment protections do not apply to the Anonymous Poster.

Third, another district court noted that an anonymous individual knowingly made false statements about a person "likely would not be protected by the First Amendment even in the United States." *United States v. Google LLC*, 690 F. Supp. at *1022 (citing *In re Tagami*, No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021); *see Milkovich v. Lorain J. Co.*, 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First Amendment protection for defendants in defamation actions" and recognizing society's "pervasive and strong interest in preventing and redressing attacks upon reputation"). Here, IU asserts claims of defamation, harassment, and the publication of knowingly false statements by the Anonymous Poster. Paek Decl. ¶¶ 4-5. These allegations, supported by the evidence provided, highlight severe harm to IU's reputation and emphasize the critical need for discovery to pursue appropriate legal remedies in Korea.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

18
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

For the foregoing reasons, the third factor supports granting this Application.

4.   This Application Is Not Unduly Intrusive or Burdensome

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome in part may be "trimmed" so that the requests can be partially authorized. *Id*.

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), IU's requests are narrow in scope and number. IU's proposed subpoena consists of requests for documents about the Anonymous Poster's real identity, like his or her name, gender, date of birth, phone numbers, and address, which IU needs to proceed with the Civil Matter and which Meta maintains in the regular course of business. *See* Ex. A (SUBPOENA); Paek Decl. ¶ 14; *see also United States v. Meta Platforms, Inc.*, 2023 WL 8438579, at *7; *In re Frontier Co., Ltd.,* No. 19-mc-80184-LB, 2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting applicant's request for name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *4 (allowing discovery of information from Meta regarding the names, dates of birth, email addresses, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants").

Additionally, judges in this district have previously recognized that a subpoena that does not seek the content of any communications associated with an account at issue does not violate the Stored Communications Act. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.); *In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418, at *3 (N.D. Cal. Jan. 20, 2023) ("the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosures of credit card numbers

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

or any other sensitive information."); *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the name and address). Here, the proposed subpoena does not seek the content of any communications, nor does it seek sensitive financial information (e.g., credit card numbers, bank account numbers, or electronic commerce account numbers). *See* Ex. A. The Application is purely for the purpose of identifying a defendant to be named in the Civil Matter in Korea.

Accordingly, this factor weighs in favor of IU, as the requests are narrowly tailored, minimally intrusive, and not unduly burdensome. Moreover, Meta retains the right to object, seek a protective order, or otherwise address any concerns regarding the scope of the subpoena.

## VI. CONCLUSION

For the reasons stated above, Applicant IU respectfully requests this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicant to issue the proposed subpoena to Meta in aid of the Korean civil proceedings.

Dated: July 14, 2026                    STREAM KIM HICKS WRAGE & ALFARO, PC.


_____
Eugene Kim
*Attorney for Applicant,*
*Lee Ji-eun, a/k/a IU*

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

In re Ex Parte Application of Lee Ji-eun, a/k/a IU, )
                                                     )
_____Plaintiff_____                              )
                    v.                               )    Civil Action No.
                                                     )
                                                     )
_____                            )
                                                     )
_____Defendant_____                              )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:                            Meta Platforms, Inc
_____
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: By email to: eugene.kim@streamkim.com; or At: Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*
                                                OR

_____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Lee Ji-eun, a/k/a IU, _____ , who issues or requests this subpoena, are:

Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

### I.    Definitions

A.    The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.    The term "Threads Account" means the Threads account registered or otherwise linked to the person or persons who created, uses and/or otherwise logs in to the Threads username "@7hyejin" with associated URL at https://www.threads.com/@7hyejin.

C.    The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by Meta Platforms, Inc. when users log in or post (also known as tweet) to his or her Threads Account (as defined above).

### II.    Requests for Production

1.    Any and all Documents that identify the person or persons who created the Threads Account, including each and every registered, recovery and/or otherwise associated:
   a. Name(s),
   b. Gender,
   c. Date of Birth,
   d. Address(es),
   e. Email address(es), and/or
   f. Telephone numbers.

2.    Any and all Documents that identify the person or persons with credit cards and/or other payment methods registered with the Threads Account, including:
   a. Name(s),
   b. Gender,

1

    c.   Date of Birth,
    d.   Address(es),
    e.   Email address(es), and/or
    f.   Telephone numbers.

Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.

3.      Any and all Documents that identify the login history, including but not limited to the Access Logs associated with the Threads Account from March 1, 2025 up to and including the date of your production of documents or tangible things.

Please note that Applicant's Counsel is willing to meet and confer with Meta Platforms, Inc. to discuss ways to narrow this request.

2