Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicant*
*Lee Ji-eun, a/k/a IU*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Ex Parte* Application of Lee Ji-eun, a/k/a IU,<br><br>Applicant. | CASE NO. 5:26-mc-80211-NW<br><br>**APPLICANT'S REPLY TO NON-PARTY META PLATFORMS, INC.'S RESPONSE TO EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\



STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## I.INTRODUCTION

Applicant Lee Ji-eun, a/k/a IU ("Applicant") submits this reply to address the limited points raised in Non-Party Meta Platforms, Inc.'s ("Meta") Response (Dkt. 8) to Applicant's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 (the "Application," Dkt.1).

Notably, Meta does not oppose the Application. Meta "takes no position on the issuance of the subpoena" (Response, p.1). Instead, Meta identifies potential objections it may assert after the subpoena issues. Those anticipated objections neither undermine Applicant's satisfaction of Section 1782 nor provide a basis to deny the Application.

Meta requests that any order granting the Application "expressly recognize Meta's right to provide user notice and challenge any subpoena that issues." Applicant does not object to this request.

Meta also anticipated that it may later object to the subpoena.

- Meta might object to the subpoena because it could potentially reach the content of user communication in violation of the Stored Communications Act ("SCA"). But Applicant does not seek the contents of any private communication, message, direct message, or other stored communication protected by the SCA.
- Meta might object to the subpoena because Applicant has not met the standards for unmasking anonymous speakers under the First Amendment. But as stated in the Application, the evidence indicates that the poster is a Korean speaker located outside the United States. Thus, U.S. First Amendment protections do not govern foreign speakers outside U.S. territory. Additionally, knowingly false and defamatory statements present a materially different First Amendment issue even domestically.

\\\

\\\



STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

- Meta might might object on the grounds that the subpoena is too broad in terms of time. But Applicant does not seek an unlimited historical search. Additionally, Applicant is willing to limit the scope of the subpoena to a time period that can reasonably identify the user, e.g., 2023 - Present.

Ultimately, Meta is effectively asking the Court to do exactly what Applicant contemplated: grant the 1782 application, permit service, and preserve Meta's objections.

## II. ARGUMENT

### A. META DOES NOT OPPOSE GRANTING THE SECTION 1782 APPLICATION.

Meta does not oppose the relief presently before the Court. Rather, Meta expressly "takes no position on the issuance of the subpoena" and reserves objections that it may assert if and when the subpoena issues. Thus, there is no dispute presently before the Court concerning whether Applicant satisfies Section 1782 or whether the Court should authorize discovery.

### B. THE PROPOSED SUBPOENA DOES NOT SEEK DOCUMENTS IN VIOLATION OF THE SCA.

Meta's Response states that the subpoena could potentially reach the content of user communication in violation of the SCA. However, Applicant did not intend, and does not seek, any private communication, message, direct message, or other stored communication protected by the SCA. The Application itself already states that the proposed subpoena "excludes any requests for communications or other sensitive information." (Ex Parte, p. 12)(Dkt. 1)(citing Paek Decl. 14). Applicant is not seeking substantive review of communications. There is one identified account (@7hyejin), and Applicant seeks basic account-holder information associated with it. This Application already cited cases



STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

allowing names, DOBs, email addresses, cell phone numbers, and IP addresses associated with particular accounts. To eliminate any possible ambiguity, Applicant has no objection to limiting the subpoena to exclude contents of communications prohibited from disclosure under the SCA.

**C. APPLICANT DOES NOT OBJECT TO REASONABLE TIME LIMITATIONS.**

Meta contends that two of the three requests do not include a date range and would otherwise require Meta to “dig through potentially years’ worth of documents.” (Resp., p.2) But Applicant does not seek an unlimited historical search. Applicant seeks only available IP logs associated with the account sufficient to identify the account holder, including the most recent available login/access IP information maintained by Meta. Furthermore, Applicant is willing to limit the scope of the subpoena to a reasonable time period, so long as it is sufficient to identify the user.

**D. THE FIRST AMENDMENT DOES NOT BAR DISCOVERY HERE.**

To the extent applicable, Applicant has not met the standards for unmasking anonymous speakers under the First Amendment. As stated in the Application, the evidence indicates that the poster is a Korean speaker located outside the United States. Thus, U.S. First Amendment protections do not govern foreign speakers outside U.S. territory. (*United States v. Google LLC,* 690 F. Supp.3d 1011, 1021-1022) Additionally, knowingly false defamatory statement would present a materially different First Amendment issue even domestically.

\\\

\\\

\\\



STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET, STE 700
RIVERSIDE, CA 92501
951-783-9470

### E. APPLICANT DOES NOT OBJECT TO A NOTICE-AND-CHALLENGE PROVISION

Applicant has no objection to providing the user reasonable notice, provided Meta preserves the requested identifying information while the notice/objection process occurs. Preservation matters because IP logs are transient and frequently expunged.

## III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Application, Applicant respectfully requests that the Court grant the Application and enter an order authorizing the proposed subpoena.

Dated: August 14, 2026 STREAM KIM HICKS WRAGE & ALFARO, PC.

Eugene Kim
*Attorney for Applicant,*
*Lee Ji-eun, a/k/a IU*





STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470